THE STATE OF OHIO, APPELLANT, *v.* MOODY, APPELLEE.

(No. C-850231—Decided December 24, 1985.)

*Richard A. Castellini,* city solicitor, *Paul J. Gorman,* city prosecutor, and *Stephen J. Fagel,* for appellant.
*Arthur Moody, pro se.*

HILDEBRANDT, J. The record reveals that during the evening hours of December 14, 1984, police officer Richard Gross and Sergeant Van Pelt of the Cincinnati Police Department entered an establishment known as Gene's Bar on Vine Street in the Over-the-Rhine area of Cincinnati. The officers were on duty and their purpose was to conduct a routine liquor inspection of the premises. Gross approached the defendant-appellee (defendant) who was seated on a bar stool nearest the entrance, drinking a beer. Gross requested identification of the defendant, who in turn demanded that the officers identify themselves. The officers complied by exhibiting their badges to the defendant.[1] The officers' credentials did not satisfy the defendant and he became belligerent when his request to the officers for additional identification was not fulfilled. Gross then requested the defendant to stand and the defendant refused. Gross observed that during this confrontation, the defendant kept his hand in the pocket of his field jacket. Thereafter, the defendant complied with Gross's second request for him to stand, where-upon the defendant was placed against a wall and subjected to a pat-down search by the officer. The search yielded a steak knife from the left pocket of the defendant's field jacket. Defendant was arrested and charged with carrying a concealed weapon.

Defendant filed a motion to suppress evidence in the court below. After a hearing on the motion, the trial court rendered its written decision granting the motion and ordering the suppression of the evidence *sub judice.*

From the judgment of the court below the state brings this timely appeal[2] and certification pursuant to Crim. R. 12(J).[3] In its solitary assignment of error, the state asserts that the granting of the motion to suppress by the court below was contrary to law and against the manifest weight of the evidence. For the reasons discussed hereafter, we find the assignment of error to be meritorious.

R.C. 737.11 mandates, *inter alia,* that the police force of a municipal corporation shall enforce all criminal laws of the state. R.C. 4301.631 prohibits a person under the age of nineteen years

---

[1] We infer from the record that the police officers were working in plain clothes on the evening in question.

[2] We recognize that R.C. 2945.67 mandates in part:

"(B) In any proceeding brought pursuant to division (A) of this section [providing for appeal by the state], the court shall, in accordance with Chapter 120. of the Revised Code, appoint the county public defender, joint county public defender, or other counsel to represent any person who is indigent, is not represented by counsel, and does not waive his right to counsel."

The record in the case *sub judice* reveals that the defendant-appellee was represented by private counsel during the proceedings below. Furthermore, there is no demonstration of indigency by the appellee before this court. The appellee appeared at the oral argument of this cause, was afforded an opportunity to and did address this court, but he did not indicate to us that he was indigent. We therefore conclude that the appellee does not come within the circumscription of R.C. 2945.67.

[3] Crim. R. 12 provides in pertinent part:

"(J) State's right of appeal upon granting of motion to return property or motion to suppress evidence. The state may take an appeal as of right from the granting of a motion for the return of seized property, or from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed."

from purchasing beer and intoxicating liquor,[4] while R.C. 4301.69 proscribes the sale of intoxicating liquor to a person under the age of twenty-one years or the sale of beer to a person under the age of nineteen years.[5]

R.C. 4301.10 provides in pertinent part:

"(A) The department of liquor control shall:

"* * *

"(6) Inspect, upon demand, the books, accounts, records, memorandums, and place of business of any person subject to Chapters 4301. and 4303. of the Revised Code or the laws relating to the manufacture, importation, transportation, distribution, and sale of beer and intoxicating liquor, and the sale of alcohol; * * *"[6]

In granting the motion to suppress, the trial court erroneously relied upon *Brown* v. *Texas* (1979), 443 U.S. 47. In *Brown,* two police officers observed the appellant and another man walking away from one another in an alley located in an area known for its high incidence of drug trafficking. The officers stopped and asked the appellant to identify himself and to explain what he was doing. When the appellant refused to identify himself, he was arrested and charged with a violation of the Texas statute which makes it a criminal act for a person to refuse to give his name and address to an officer who has lawfully stopped him and requested the information.

There was evidence in *Brown* that it was not unusual for people to be in that particular alley, and the officers could not articulate any facts supporting their conclusion that the situation in the alley looked suspicious. Nevertheless, the appellant was convicted of the charge, and fined.

In reversing the conviction, the United States Supreme Court held that the circumstances surrounding the events in the alley did not justify a reasonable suspicion that the appellant was involved in criminal conduct, and therefore did not warrant his detention for questioning. *Id.* at 52. The court further held that since the officers lacked any reasonable suspicion that the appellant was engaged in criminal conduct, the application of the statute to detain the appellant and require him to identify himself was a violation of the Fourth Amendment to the United States Constitution. *Id.*

*Brown* is clearly distinguishable from the case *sub judice,* as the instant defendant was inside a liquor establishment subject to myriad Ohio laws pertaining to the sale of alcoholic beverages. Officer Gross and Sergeant Van Pelt were under a sworn duty to enforce those laws. Clearly, the proprietor of the tavern would have been well within his authority to request identification from the defendant prior to serving him an alcoholic drink. In fact, R.C. 4301.634 prohibits a minor from furnishing or showing false identification concerning his age. R.C. 4301.639 creates a defense to a charge under R.C. Chapter 4301 where a liquor permit holder in good faith accepts a spurious identification.

When facts and circumstances that are known to a police officer raise a reasonable and articulable suspicion that the person seized is engaged in criminal activity, the police officer may make a

---

[4] R.C. 4301.632 similarly prohibits the purchase of intoxicating liquor by persons under the age of twenty-one years.

[5] The trial court's entry reflects that defendant's birthdate is October 16, 1959, making him only six years above the legal drinking age for beer on the day of his arrest.

[6] R.C. Chapters 4301 and 4303 pertain to liquor control laws and liquor permits, respectively.

warrantless investigatory stop without probable cause to arrest. *Reid* v. *Georgia* (1980), 448 U.S. 438; *Adams* v. *Williams* (1972), 407 U.S. 143; *Terry* v. *Ohio* (1968), 392 U.S. 1, 44 O.O.2d 383. The validity of the investigatory stop must be determined in light of the totality of the surrounding circumstances. *State* v. *Freeman* (1980), 64 Ohio St. 2d 291, 18 O.O. 3d 472, 414 N.E. 2d 1044, certiorari denied (1981), 454 U.S. 822. Further, a police officer may conduct a pat-down search for weapons when the officer is "justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others * * *." *Terry, supra,* at 24, 44 O.O. 2d at 394-395; see, also, *State* v. *Stewart* (Feb. 6, 1985), Hamilton App. No. C-840307, unreported.

We hold in the case *sub judice* that the police officers, while under a mandate to enforce the laws of this state, had authority to make a brief investigatory stop of the defendant for the limited purpose of ascertaining compliance with the liquor control laws of R.C. Chapter 4301. The defendant's conduct following Officer Gross's request for identification, *i.e.,* his belligerence while keeping his hand inside the left pocket of his jacket, created a reasonable and articulable suspicion that the defendant may have been armed with a weapon. Resultantly, the limited pat-down search yielding the knife was reasonable for the officers' protection.

The assignment of error is sustained. The cause is remanded to the court below for further proceedings consistent with this opinion and the law.

*Judgment reversed and cause remanded.*

BLACK, P.J., and KEEFE, J., concur.